# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 7, 2022

Lyle W. Cayce
Clerk

No. 20-60628
Summary Calendar

Fozijon Suxrobovich Murodov,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of
the Board of Immigration Appeals
No. A 203 646 180

Before Smith, Stewart, and Graves, *Circuit Judges*.
Per Curiam:\*

Fozijon Murodov, a native and citizen of Uzbekistan, petitions for review of a decision of the Board of Immigration Appeals ("BIA"). He challenges the adverse-credibility determination and contends that the immigration judge (I.J.) violated his due process rights during the hearing on his

---

\* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

We generally review only the BIA's decision but will consider the I.J.'s underlying decision to the extent the BIA relied on it. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). Questions of law are reviewed *de novo*, factual findings for substantial evidence. *Avelar-Oliva v. Barr*, 954 F.3d 757, 763 (5th Cir. 2020). Under the substantial evidence standard, a petitioner must show that "the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion." *Id.* (internal quotation marks and citation omitted). An adverse-credibility determination is conclusive "unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such" a determination. *Id.* at 767 (internal quotation marks and citation omitted).

A reasonable factfinder could interpret Murodov's credible-fear interview ("CFI") and hearing testimony as inconsistent regarding the harm he suffered while detained on September 24 and October 4, 2017. Murodov contends that those inconsistencies were insufficient to support the adverse-credibility determination because they resulted from the asylum officer's antagonism toward him during the CFI, the asylum officer's failure to ask certain questions and failure to allow him to fully respond to the questions, and the CFI's lack of detail.

The asylum officer asked open-ended questions that gave Murodov the opportunity to report all the harm he suffered on September 24 and October 4. The asylum officer also gave Murodov multiple opportunities to make changes or additions to his responses. Under the totality of the circumstances, the inconsistencies relied upon by the BIA present sufficient grounds for a reasonable factfinder to make an adverse credibility ruling. *See Avelar-Oliva*, 954 F.3d at 767-69. Murodov also has not shown that the

record compels the conclusion that the asylum officer's notes of the CFI are unreliable. *See id.* at 764-65.

Furthermore, a reasonable factfinder could agree with the BIA that, absent credible testimony, Murodov's remaining evidence was insufficient to satisfy his burden for asylum. *See id.* at 772. The medical certificate Murodov submitted was dated just five days before the merits hearing and over two years after the evaluation it was documenting. The letter from Murodov's father did not recount any past harm to Murodov, even though Murodov's testimony indicated that his father was aware that the police in Uzbekistan had beaten him and demanded money from him. Substantial evidence supports the BIA's conclusion that the IJ reasonably gave those documents limited evidentiary weight.

In light of our decision on Murodov's ineligibility for asylum, he has also failed to show that the BIA erred in determining that he did not satisfy the higher burden for withholding of removal. *See Munoz-Granados v. Barr*, 958 F.3d 402, 408 (5th Cir. 2020). Additionally, given that Murodov's lack of credibility concerned the nature and extent of his harm, substantial evidence supports the BIA's conclusion that he failed to show that he would be tortured in Uzbekistan within the meaning of the CAT. *See Avelar-Oliva*, 954 F.3d at 772.

In his remaining arguments concerning due process, Murodov posits that the I.J. failed to apply the requisite legal framework because the I.J.'s decision merely incorporated by reference an addendum containing the applicable legal standards, the I.J. erroneously refused to admit a late-filed affidavit from Murodov's expert, and the I.J. did not act as a neutral decision-maker. Due process claims are reviewed *de novo*. *Arteaga-Ramirez v. Barr*, 954 F.3d 812, 813 (5th Cir. 2020). "To prevail on a due process claim, an alien must make an initial showing of substantial prejudice by making a prima

facie showing that the alleged violation affected the outcome of the proceeding." *Id.* (internal quotation marks and citation omitted).

Murodov has not shown that the outcome of the proceeding was affected by the I.J.'s incorporation of the addendum or refusal to admit the expert's affidavit. *See id.*; *Bouchikhi v. Holder*, 676 F.3d 173, 180 (5th Cir. 2012). While the absence of a neutral arbiter can violate due process, the I.J.'s findings about the evidence are an insufficient basis for establishing such a violation in this case. *See Wang v. Holder*, 569 F.3d 531, 540 (5th Cir. 2009).

The petition for review is DENIED.